UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jennifer L., | Case No. 23-cv-1822 (KMM/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Commissioner of the Social Security Administration, | |
| Defendant. | |

Plaintiff Jennifer L. filed this case seeking judicial review of the Commissioner of Social Security's denial of her application for disability benefits. On June 27, 2024, United States Magistrate Judge Tony N. Leung issued a Report and Recommendation ("R&R") recommending that Plaintiff's request for relief be denied, the Commissioner's request for relief be granted, and the decision denying the application for benefits be affirmed. Plaintiff filed timely objections to the R&R on July 3, 2024. Fed. R. Civ. P. 72(b)(2); D. Minn. LR 72.2(b)(1).

The Court reviews de novo any portion of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b). In the absence of objections, the Court reviews the R&R for clear error. *Nur v. Olmsted County*, 563 F. Supp. 3d 946, 949 (D. Minn. 2021) (citing Fed. R. Civ. P. 72(b)); *Grinder v. Gammon*, 73 f.3d 793, 795 (8th Cir. 1996) (per curiam).

In the R&R, Judge Leung thoroughly addressed Plaintiff's two arguments for why the ALJ erred. First, Judge Leung considered Plaintiff's arguments that the Administrative

Law Judge ("ALJ") assigned to her case erred in considering the opinion evidence from mental healthcare professionals who acted as consultative examiners. Both consultative examiners indicated that Plaintiff's interactions with others should be limited to encounters that are both *occasional* and *superficial*. However, in articulating the Plaintiff's residual functional capacity ("RFC"), the ALJ found only that Plaintiff would be limited to *occasional* interactions with coworkers and the public as well as *occasional* contact with supervisors. The RFC did not include any *superficial* interaction limitation. Contrary to Plaintiff's argument, Judge Leung found that the ALJ did not err by omitting a limitation to *superficial* interactions from the RFC. Second, Judge Leung found no error in the ALJ's assessment of Plaintiff's statements regarding the intensity, persistence, and limiting effects of her symptoms.[1] In her objection to the R&R, Plaintiff challenges only the first of these conclusions concerning the alleged distinction between *superficial* and *occasional* contacts.

Plaintiff argues that because the opinions all included the superficial-interaction limitation and the ALJ found the opinions persuasive, the ALJ should have included the superficial-interaction limitation in the RFC. Plaintiff asserts that the terms "occasional" and "superficial" are materially different, because the former addresses the quantity of interactions, while the latter addresses their quality. Given that distinction, Plaintiff contends that the ALJ erred in her RFC finding because it does not account for limitations

---

[1] Plaintiff does not object to the R&R's conclusions regarding this second issue, so the Court's review is limited to whether the R&R is clearly erroneous. Having reviewed the R&R and the record in this matter, the Court finds no clear error.

2

on the quality of interactions she can tolerate. Doc. 13 at 5–6. Plaintiff raised these same arguments in her request for relief, and Judge Leung addressed them in the R&R.

Judge Leung found that while Plaintiff pointed to district court decisions agreeing that there is a material distinction between limitations for superficial contact and those for occasional interactions, recent Eighth Circuit cases have rejected the argument that an ALJ commits reversible error under these circumstances by failing to include a superficial limitation in the RFC finding. R&R 11–16. Specifically, Judge Leung found that both *Wyatt v. Kijakazi*, No. 23-1559, 2023 WL 6629761 (8th Cit. Oct. 12, 2023) (per curiam), and *Lane v. O'Malley*, No. 23-1432, 2024 WL 302395 (8th Cir. Jan. 26, 2024) (per curiam), addressed the same argument Plaintiff raises in this case. The R&R explains that in *Wyatt*, "the Eighth Circuit held that the ALJ 'did not err in declining to include more restrictive limitations regarding interactions with coworkers and supervisors in [the claimant's] residual functional capacity,'" and the ALJ had no obligation to parrot the limitations included in medical opinions, even those she found persuasive. R&R 13 (quoting *Wyatt*, 2023 WL 6629761, at *1). Further Judge Leung noted that, in *Lane*,

> [The claimant argued that] because the terms [occasional and superficial] are different—the former being about quantity and the latter about quality—omitting the psychologists' limitation renders the [vocational] expert's conclusion unreliable and the ALJ's decision without substantial evidence.' The Eighth Circuit 'reject[ed] this manufactured inconsistency,' noting that '[n]othing in the reference to 'occasional' interactions conflicts with th[e] opinion of the psychologists that the claimant could relate to others superficially, work in small groups, and maintain at least minimal relationships with others]."

R&R 13–14 (quoting *Lane*, 2024 WL 302395, at *1).

3

Objecting to the R&R, Plaintiff argues that Judge Leung mistakenly relied on *Wyatt* and *Lane*. She contends that neither "support[s] a finding that the terms 'superficial' and 'occasional' are indistinguishable and can be merged together under the term 'occasional' without any explanation." Doc. 13 at 7. Specifically, Plaintiff argues that in each case, the ALJ accounted for the claimant's limitations in the quality of workplace interactions by excluding teamwork and tandem work from the RFC. *Id.* Plaintiff asserts that the ALJ's RFC assessment in this case does not similarly account for any limitations in the quality of Plaintiff's interactions with others in the workplace. Therefore, she contends, neither *Wyatt* nor *Lane* is applicable, and the ALJ erred in the omission of the superficial-interaction limitation. *Id.* at 8.

The Court disagrees and finds that Judge Leung correctly applied *Wyatt* and *Lane* in rejecting Plaintiff's position. First, *Wyatt* applies the principle that an RFC determination is not erroneous simply because the ALJ does not adopt, word-for-word, the limitations set forth in a medical opinion that the ALJ finds persuasive. Rather the focus is on whether substantial evidence supports the RFC. *Wyatt*, 2023 WL 6629761, at *1 ("The ALJ was not required to adopt the exact limitations set forth in the opinions she found persuasive, and substantial evidence supported the RFC findings regarding Wyatt's abilities to interact with others in the workplace."); *see also Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016) (explaining that "there is no requirement than an RFC finding be supported by a specific medical opinion"). Although *Wyatt* was unpublished, its holding is entirely consistent with the Eighth Circuit's prior observation that "[e]ven though the RFC assessment draws from medical sources for support, it is ultimately an administrative determination reserved to the

4

Commissioner." *Cox v. Astrue*, 495 F.3d 614, 619–20 (8th Cir. 2007). Conversely, it would be inconsistent with multi-faceted nature of the RFC inquiry to require the ALJ to adopt verbatim the specific limitations contained in any medical opinion. Yet that is, in essence, what the Plaintiff asks the Court to do.

Second, Plaintiff's attempt to distinguish *Lane* ignores its explicit rejection of the argument Plaintiff makes in this case. True, in the final line of its brief analysis, the *Lane* court observed that the ALJ in that case had, in fact, addressed the quality of workplace interactions in the RFC. 2024 WL 302395, at *1 ("And the ALJ, considering the entire record, addressed the quality of Lane's workplace interactions: no team, tandem, or public-facing work."). However, that observation follows the court's characterization of the supposed inconsistency between the RFC and the medical opinions as "manufactured." *Id.* The *Lane* court could not have been much more direct in finding that "[n]othing in the [RFC's] reference to 'occasional' interactions conflict[ed] with [the] opinion" of the reviewing psychologists that the claimant "could relate to others superficially." *Id.* Nor does the opinion suggest that such a "manufactured" inconsistency can only be overcome where the RFC finding includes specific qualitative restrictions on workplace interactions.

Like *Wyatt* and *Lane*, other courts have declined to find that ALJs erred in comparable circumstances. *See Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015) (finding ALJ's statement that plaintiff could "occasional[ly] interact[] with the public" "accounted" for the consultant's opinion that the claimant was limited in public interactions and could "relate to a few familiar others on a superficial basis"); *Shaibi v. Berryhill*, 888 F.3d 1102, 1107 (9th Cir. 2017) (finding "no obvious inconsistency" between

5

medical expert testimony that plaintiff could "relate to others on a superficial work basis" and the ALJ's finding that plaintiff was able to engage in "occasional interaction" with others as a result); *Reynolds v. Kijakazi*, 25 F.4th 470, 474 (7th Cir. 2022) (suggesting that "the distinction . . . between 'occasional' and 'superficial' [with respect to interactions] may not matter for purposes of the RFC analysis"); *but see Jason L. v. O'Malley*, Civ. No. 23-184 (JWB/JFD), 2024 WL 965240, at *2 (D. Minn. Mar. 6, 2024) (distinguishing *Wyatt* and *Lane*, sustaining claimant's objection, rejecting R&R, and ordering remand where the ALJ did not explain the rationale for excluding a superficial-interaction limitation found in psychological consultant's opinion the ALJ found to be persuasive).

Third, the relevant psychologists' opinions that Plaintiff can only tolerate "brief and superficial" interactions do not plainly conflict with the RFC determination that Plaintiff should be limited to "occasional" interactions with coworkers and the public. "Superficial" is not a defined term in the Social Security regulations or other sources (e.g., the Dictionary of Occupational Titles, Social Security Rulings, and the HALLEX manual). *See Amber L. v. Comm'r of Soc. Sec. Admin.*, No. 3:21-cv-00202, 2022 WL 2948952, at *6 (S.D. Ohio July 26, 2022), *R&R adopted*, No. 3:21-cv-99292, 2022 WL 3226351 (S.D. Ohio Aug. 10, 2022); *see also Sasha M. v. Comm'r of Soc. Sec.*, No. 2:22-cv-2101, 2023 WL 1793536, at *9 (S.D. Ohio Feb. 7, 2023) ("'Superficial' social interaction has no regulatory definition."), *R&R adopted*, No. 2:22-cv-2101, 2023 WL 6383450 (S.D. Ohio Sept. 29, 2023). The psychologists in this case did not elaborate on what they meant by "superficial" interactions in a way that is clearly inconsistent with the ALJ's limitation to "occasional" interactions in Plaintiff's RFC. *See Sasha M.*, 2023 WL 1793536, at *9 ("And while the

6

state agency psychologists opined Plaintiff should be limited to superficial interactions, neither defined what 'superficial' meant. Accordingly, precisely how the RFC's limitations differ from superficial interaction limitations—if they do at all—is unclear.").

Further, the Court's comparison of the consultants' opinions and the relevant portions of the RFC determination reveals no obvious inconsistency, and Plaintiff has not explained exactly what that inconsistency might be in this case. *See Stephen D. v. Comm'r of Soc. Sec.*, No. 1:21-CV-746, 2024 WL 2204735, at *8 (S.D. Ohio May 16, 2024) ("Stephen has not even really shown that psychological experts conclude that 'superficial interactions' and 'occasional interactions' conflict."). Here, in the relevant portion of the RFC, the ALJ found that Plaintiff had the following abilities:

> She can carry out simple instructions with acceptable persistence and pace. Simple instructions are those that can be learned in thirty days or less. She can tolerate occasional interaction with coworkers and the public. [She] is able to tolerate training, taking instructions, and supervisory interactions with supervisors but is otherwise limited to occasional contact with supervisors. She can tolerate occasional changes in [a] simple work setting and follow employer set goals.

Tr. 37. One consultative examiner opined that Plaintiff had the capacity for "responding appropriately to brief and superficial contact with coworkers and supervisors. . . ." Tr. 667. A state agency psychological consultant opined that Plaintiff was not significantly limited in her abilities to interact appropriately with the public, that she could ask simple questions or request assistance, and maintain socially appropriate behaviors. However, she had moderate limitations in the ability to accept instructions and respond appropriately to supervisor criticism and in getting along with coworkers or peers. Though her ability to

7

tolerate supervision was reduced, it was adequate for ordinary levels of supervision. And though she had a reduced ability to cope with co-workers, it was adequate for brief and superficial contact. Tr. 91–92. The second consultative examiner who saw Plaintiff on reconsideration found that Plaintiff could have superficial contact with supervisors and coworkers. Tr. 830, 837. And a second consultant agreed with the findings of the first consultant. Tr. 109. Plaintiff contends that the Court should reject the R&R and remand this matter to the agency because the ALJ in this case did not limit "Plaintiff's ability to perform teamwork or to work in tandem with tasks" in the same way that the claimants were restricted in *Wyatt* and *Lane*. But as the foregoing discussion and the R&R show, none of the medical opinions actually stated that superficial limitations required Plaintiff to be shielded from tandem work or teamwork or the like. Therefore, the Court finds that the ALJ's references to occasional interactions with supervisors and coworkers does not conflict with the psychological opinion evidence.

  Finally, Plaintiff contends that the Court should remand this case because the ALJ failed to provide adequate explanation for why the ALJ omitted the superficial-interaction limitation despite finding the opinions persuasive. District court decisions, most of which pre-date the Eighth Circuit's decisions in *Wyatt* and *Lane*, have ordered remand in cases where an ALJ has not specifically explained the rationale for declining to adopt a

superficial-interaction limitation.[2] However, *Wyatt* and *Lane* reject the proposition an ALJ is required to include both occasional- and superficial-interaction limitations in an RFC simply because medical opinions found to be persuasive use both terms. In *Wyatt*, the Eighth Circuit affirmed the district court's decision, which had rejected the plaintiff's argument that the ALJ was required to give such an explanation. *John W. v. Kijakazi*, No. 22-cv-2612 (PAM/TNL), 2023 WL 2540566, at *2 (D. Minn. Mar. 16, 2023) (finding, under 20 C.F.R. § 404.1520c(b)(1), that "an ALJ is not required to articulate how she considered each medical opinion or prior administrative medical finding from one medical source individually") (cleaned up). In addition, the Eighth Circuit has held that an ALJ is not required "to mechanically list and reject every possible limitation." *Nash v. Comm'r, Soc. Sec. Admin.*, 907 F.3d 1086, 1090–91 (8th Cir. 2018); *see also Austin v. Kijakazi*, 52 F.4th 723, 729 (8th Cir. 2022) (explaining that an ALJ is "free to accept some, but not all, of a medical opinion" and "is not required to explicitly reconcile every conflicting shred of medical evidence") (cleaned up).

Moreover, looking at the ALJ's decision as a whole, she adequately explained the rationale for the non-exertional limitations she included in Plaintiff's RFC, and as articulated in the R&R, those limitations are supported by substantial evidence. The ALJ

---

[2] *E.g., Troy L.M. v. Kijakazi*, No. 21-cv-199 (TNL), 2022 WL 4540107 (D. Minn. Sept. 28, 2022); *Christine F. v. Kijakazi*, No. 21-cv-2048 (NEB/LIB), 2022 WL 3648674 (D. Minn. July 27 2022), *R&R accepted*, No. 21-cv-2048 (NEB/LIB), 2022 WL 3647808 (D. Minn. Aug. 24, 2022) (no objections); *Sara R. v. Kijakazi*, No. 22-cv-1271 (KMM/TNL), 2023 WL 4564421 (D. Minn. June 28, 2023), *R&R accepted*, No. 22-cv-1271 (KMM/TNL), 2023 WL 4561312 (D. Minn. July 17, 2023) (no objections). See also *Jason L.*, 2024 WL 965420, at *2 (post-*Wyatt* and post-*Lane* decision remanding for lack of adequate explanation).

acknowledged Plaintiff's statements about difficulty getting along with others and her reports of depression and anxiety, but the ALJ also observed that records showed Plaintiff was cooperative, friendly, and maintained appropriate eye contact during psychological evaluations. Tr. 35, 39. Further, the ALJ observed that although she sometimes showed limited insight and judgment, Plaintiff's thought process was organized and coherent, she showed average intelligence, and normal attention and concentration abilities despite some difficulties. Tr. 39–40. The ALJ acknowledged how her mood abnormalities could limit her cognitive functioning and her issues with limited memory on standardized testing. Tr. 40. As a result, the ALJ found she could carry out simple instructions (those that can be learned in thirty days or less) with acceptable persistence and pace; she could tolerate occasional interaction with coworkers and the public; and she can tolerate training, taking instructions, and supervisory interactions with supervisors, but is otherwise limited to occasional contact with supervisors. Tr. 40. In her objections, Plaintiff does not claim that these findings were unsupported by substantial evidence or that the ALJ's opinion failed to adequately explain the rationale for these aspects of the decision. The Court finds that remand is not warranted for further explanation of the ALJ's decision not to specifically include a superficial-interaction limitation.

Based on the discussion above, **IT IS HEREBY ORDERED THAT**

1. The Report and Recommendation, Doc. 11, is **ACCEPTED**;
2. Plaintiff's Objection, Doc. 13, is **OVERRULED**;
3. Plaintiff's request for relief, Doc. 8, is **DENIED**;
4. The Commissioner's request for relief, Doc. 10, is **GRANTED**;

5. The Commissioner's decision denying Plaintiff's application for benefits is **AFFIRMED**; and

6. This matter is **DISMISSED WITH PREJUDICE**.

**Let Judgment be entered accordingly**.

Date: August 30, 2024                    *s/Katherine Menendez*
                                          Katherine Menendez
                                          United States District Judge